

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-191-CR

RONALD SHORTY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Ronald Shorty pleaded guilty to sexual assault pursuant to a plea bargain agreement. On January 5, 2009, the trial court placed him on five years' deferred adjudication community supervision. The State filed a petition to proceed to adjudication on March 12, 2009, alleging that Shorty had violated two conditions of his community supervision. Shorty's court-appointed trial

---

[1] See Tex. R. App. P. 47.4.

counsel filed a motion for competency exam, and the trial court appointed Dr. Barry Norman to conduct the exam. Dr. Norman concluded that Shorty was competent to stand trial. Shorty pleaded "true" to the allegations in the State's petition to proceed to adjudication. The State waived one allegation in its petition. The trial court found that the second allegation in the State's petition was true, adjudicated Shorty guilty, and sentenced him to nine years' confinement.

Shorty's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel averred that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). This court afforded Shorty the opportunity to file a brief on his own behalf, but he did not do so.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

*Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 922–23. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the record. We agree with counsel that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 14, 2010